UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURIE KRAUSE, on Behalf of Herself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff(s), <br><br> vs. <br><br> EXPEDIA GROUP, INC. and EGENCIA, LLC, <br><br> Defendants. | Case Number: _____ <br><br> COMPLAINT – COLLECTIVE ACTION |

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

1. This case concerns a potential collective action against Defendants Expedia Group, Inc. and Egencia, LLC. (hereinafter referred to as "Defendants"). Defendants misclassify their workers as independent contractors instead of as employees. In particular, Defendants misclassify their customer service representatives, also known as "travel consultants," as independent contractors instead of as employees and enforced this illegal policy throughout the United States. In doing so, Defendants deny those workers the overtime they are entitled under the Fair Labor Standards Act ("FLSA").

2. Through the conduct described in this Complaint, Defendants have violated federal law. Accordingly, Plaintiff brings this case as a collective action under the FLSA and seeks, on behalf of herself and all similarly situated employees, unpaid wages, liquidated damages, penalties, interest, attorneys' fees, and litigation costs.

COMPLAINT - Page 1       The Paul Woods Law Firm          Kennedy Hodges, LLP
                         1001 Fourth Avenue, Suite 3200   4409 Montrose Blvd., Suite 200
                         Seattle, WA 98154                Houston, TX 77006
                         (425) 773-8109                   (713) 523-0001

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. Defendants are subject to personal jurisdiction in Washington because their headquarters are located int his State and they do business in this judicial district.

5. Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district. In particular, the decision to classify the Plaintiff and proposed Class Members as independent contractors was made in this district. Moreover, personnel files, records, and witnesses are located within this district.

**PARTIES**

6. Plaintiff Laurie Krause is an adult resident of Melbourne, Florida. Her written consent form is attached hereto as Exhibit "A."

7. Defendant Expedia Group, Inc. is a foreign corporation with its headquarters in Bellevue, Washington. Said Defendant can be served with process by serving its registered agent, the National Registered Agents, Inc., at 711 Capitol Way S Suite 204, Olympia, WA, 98501.

8. Defendant Egencia, LLC. is a foreign limited liability company with its headquarters in Bellevue, Washington. Said Defendant can be served with process by serving its registered agent, the National Registered Agents, Inc., at 711 Capitol Way S Suite 204, Olympia, WA, 98501.

9. The "Class Members" are all current and former travel consultants classified as independent contractors at any time from three years prior to the filing of the Complaint to the present.

10. At all times relevant herein, Defendants were joint employers and/or a single enterprise under the FLSA. They share officers and directors. They share the same physical address. They have the same accounting and payroll operations. They share control over hiring, firing, payroll, advertising, and overhead decisions. Further, the companies share the same clients and customers. Moreover, they employ workers to achieve the same business purpose - to provide

COMPLAINT - Page 2

The Paul Woods Law Firm
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(425) 773-8109

Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
(713) 523-0001

online travel and hotel booking services. Indeed, Defendant Expedia Group specifically lists Defendant Egencia as a company within its "brand." *See* https://www.expediagroup.com/, last visited January 17, 2019).

### COVERAGE

11. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

12. At all material times, Defendants have been enterprises within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

13. At all material times, Defendants have been enterprises or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

15. At all material times, Plaintiff and each of the Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 207.

### FACTS

16. Defendants operate an online travel management company. Defendants provide booking services for businesses and individuals. That is, individuals and business can purchase tickets, hotel reservations, and vehicle reservations directly through Defendants' website and customer portal.

17. To perform these services, Defendants employ "travel consultants" but classifies them as independent contractors.

18. The travel consultants work across the country for Defendants.

19. Travel consultants communicate with the customers of Defendants and answer questions regarding booking reservations. The travel consultants communicate by chat, email, inbound phone, and outbound phone.

20. The travel consultants work from home.

COMPLAINT - Page 3

The Paul Woods Law Firm
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(425) 773-8109

Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
(713) 523-0001

21. They are required to use Defendants' computer software and follow Defendants' policies and procedures.

22. They are required to work a minimum number of hours per week.

23. They are told that they must handle at least 4 customer calls per hour with an average handle time that Defendants establish.

24. They are required to undergo a background check by Defendants and must meet Defendants' required qualifications to get a job.

25. Defendants provide training to the travel consultants in how they are to perform their duties for Defendants.

26. Defendants pay the travel consultants a set amount per minute worked.

27. The travel consults regularly work more than 40 hours per week but are not paid overtime.

28. Plaintiff has worked for Defendants since July 2014.

29. Plaintiff was classified by Defendants as an independent contractor.

30. The Class Members were also classified as independent contractors.

31. The Plaintiff and Class Members are not independent contractors, but are employees.

32. The Plaintiff and Class Members were paid based upon the number of minutes worked for Defendants.

33. Plaintiff regularly worked over 40 hours each week.

34. However, when she worked more than 40 hours, she was not paid any overtime wages for those hours worked in excess of 40.

35. Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime for those hours worked in excess of 40 in a workweek.

36. Given that they were misclassified as independent contractors, they were denied overtime pay.

37. The Class Members performed similar duties as Plaintiff.

38. Class Members worked across the US.

COMPLAINT - Page 4

The Paul Woods Law Firm
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(425) 773-8109

Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
(713) 523-0001

39. While working for Defendants, Plaintiff interacted with and became familiar with the manner in which Defendants classified the Class Members and paid the Class Members. Therefore, Plaintiff has first-hand, personal knowledge of the same pay violations in Defendants' operations.

40. Defendants paid Plaintiff and the Class Members in the same manner – by the minute.

41. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

42. In addition, Defendants instructed Plaintiff and the Class Members about when and how they were to perform their work.

43. Moreover, the following conduct demonstrates that Defendants acted as an employer with respect to Plaintiff and the Class Members:

   a. Defendants required Plaintiff and the Class Members to begin their work at a set time;
   b. Defendants paid the Plaintiff and Class Members a non-negotiable rate, like employees;
   c. Defendants required Plaintiff and the Class Members to request time off in advance and have that time away from work preapproved;
   d. Defendants set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform their work;
   e. Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendants;
   f. Plaintiff's and the Class Members' services were integrated into Defendants' operations;
   g. Plaintiff and the Class Members constituted the workforce without which Defendants could not perform their services;

COMPLAINT - Page 5

The Paul Woods Law Firm
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(425) 773-8109

Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
(713) 523-0001

    h. Plaintiff and the Class Members worked for Defendants for long periods of time as is common with employees; and

    i. Defendants maintained the right to discharge Plaintiff and the Class Members at any time.

44. Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendants incurred. Defendants provided the computer software and web portal for Plaintiff and the Class Members to do their work.

45. Further, Plaintiff and the Class Members performed work that was integral to the operations of Defendants.

46. Moreover, Defendants supervised and controlled the activities of Plaintiff and the Class Members.  Defendants monitored their work, reviewed their work, issued instructions, set handling times, required a minimum of four calls per hour, and directed the work in the manner deemed sufficient by Defendants.

47. Despite these facts, Defendants improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

48. Defendants misclassified the Plaintiff and Class Members as independent contractors to avoid their obligations to pay these employees overtime.

49. However, at all times, Plaintiff and the Class Members were employees of Defendants.

50. No exemption applies to Plaintiff or the Class Members.

51. Defendants' method of paying Plaintiff and the Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Defendants knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so.  Accordingly, Defendants' violations of the FLSA were willful.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

COMPLAINT - Page 6  The Paul Woods Law Firm  Kennedy Hodges, LLP
    1001 Fourth Avenue, Suite 3200 4409 Montrose Blvd., Suite 200
    Seattle, WA 98154  Houston, TX 77006
    (425) 773-8109  (713) 523-0001

53. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of their employees.

54. Plaintiff's knowledge is based on her personal work experience and through communications with other workers of Defendants.

55. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendants misclassify them as independent contractors.

56. Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

57. Defendants have classified and continue to classify the Class Members as independent contractors.

58. The Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendants.

59. The Class Members are not exempt from receiving overtime pay under the FLSA.

60. As such, the Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

61. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

62. The experiences of Plaintiff, with respect to her pay, hours, and duties are typical of the experiences of Class Members.

63. The specific job titles or precise job responsibilities of each Class Member do not prevent collective treatment.

64. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

The Paul Woods Law Firm
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(425) 773-8109

Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
(713) 523-0001

65. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former travel consultants classified as independent contractors by Defendants at any time from three years prior to the filing of the Complaint to the present.

## CAUSES OF ACTION

66. Plaintiff incorporates the preceding paragraphs by reference.

67. This count arises from Defendants' violation of the FLSA 29 U.S.C. 201, et seq., for its failure to pay Plaintiff and the Class Members their overtime pay for the time worked in excess of 40 hours in a workweek.

68. For all hours worked in excess of 40 hours in a workweek, Plaintiff and the Class members were entitled to be paid one and one-half times their regular rates of pay.

69. Defendants violated the FLSA by failing to compensate Plaintiff and the Class members consistent with the FLSA with respect to the amount of work actually performed over 40 hours per week.

70. Plaintiff, on behalf of himself and the FLSA Class, also seeks reimbursement for any and all work related expenses incurred primarily for the benefit of Defendants. Without reimbursement for these expenses in those weeks when they worked overtime hours, Plaintiff and the FLSA Class Members will not receive pay at time and one half their regular rate of pay for all hours worked over 40.

71. Defendants' failure to pay overtime to Plaintiff and the Class Members, in violation of the FLSA, was willful and was not based on a good faith and reasonable belief that their conduct did not violate the FLSA. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

COMPLAINT - Page 8

The Paul Woods Law Firm  
1001 Fourth Avenue, Suite 3200  
Seattle, WA 98154  
(425) 773-8109

Kennedy Hodges, LLP  
4409 Montrose Blvd., Suite 200  
Houston, TX 77006  
(713) 523-0001

72. Plaintiff will seek to certify Count I as a collective action and intends to recover all back wages, liquidated damages, penalties and prejudgment interest thereon due to Plaintiff and the other employees he represents.

## JURY DEMAND

73. Plaintiff hereby demands trial by jury on all issues.

## PRAYER

74. For these reasons, Plaintiff prays for:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) for the FLSA Class Members to permit them join this action by filing a written notice of consent;

   b. A judgment against Defendants awarding Plaintiff and the FLSA Class Members all their unpaid overtime compensation, reimbursement of expenses, liquidated damages, and statutory penalties;

   c. An order awarding attorneys' fees, costs, and expenses;

   d. Pre- and post-judgment interest at the highest applicable rates; and

   e. Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ Paul Woods
Paul Woods
Washington Bar No.
The Paul Woods Law Firm, PLLC
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
paul@paulwoodslawfirm.com

LOCAL COUNSEL

COMPLAINT - Page 9

The Paul Woods Law Firm
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(425) 773-8109

Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
(713) 523-0001

AND

KENNEDY HODGES, L.L.P.

By: /s/ Don J. Foty
    Don J. Foty (pending admission pro hac vice)
    dfoty@kennedyhodges.com
    Texas State Bar No. 24050022
    4409 Montrose Blvd., Suite 200
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS

COMPLAINT - Page 10

The Paul Woods Law Firm
1001 Fourth Avenue, Suite 3200
Seattle, WA 98154
(425) 773-8109

Kennedy Hodges, LLP
4409 Montrose Blvd., Suite 200
Houston, TX 77006
(713) 523-0001