THE HONORABLE BARBARA J. ROTHSTEIN

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LAURIE KRAUSE, on Behalf of Herself and on Behalf of All Others Similarly Situated, | ) ) ) Case Number: 2:19-cv-00123-MAT ) |
| Plaintiff(s), | ) ) JOINT MOTION FOR APPROVAL OF ) FAIR LABOR STANDARDS ACT ) SETTLEMENT AND MOTION TO |
| vs. | ) DISMISS ) |
| EXPEDIA GROUP, INC. and EGENCIA, LLC, | ) ) ) |
| Defendants. | ) ) |

COMES NOW Plaintiff Laurie Krause and Defendants Expedia Group, Inc. and Egencia, LLC (collectively "Defendants") and submit this Joint Motion for Approval of Fair Labor Standards Act Settlement and Motion to Dismiss to the Court, and state as follows:

### I.   INTRODUCTION

Plaintiff Lauri Krause, along with her husband, Matthew Krause, and Defendants have reached a settlement of the pending dispute concerning unpaid overtime claims under the Fair Labor Standards Act, 29 U.S.C § 201 *et seq.* ("FLSA"). The settlement provides compensation to the Plaintiff and her husband who alleged that they were misclassified as independent contractors.

Plaintiff filed this lawsuit as a FLSA on January 28, 2019. (Dkt. No. 1). The central allegation in Plaintiff's complaint was the non-payment of overtime arising from Defendants' classification of Plaintiff as an independent contractor. Plaintiff was hired by a company known as Working Solutions and was assigned to work for Defendants. Plaintiff alleged that as a result

**Joint Motion for Approval - Page 1**     The Paul Woods Law Firm         Hodges & Foty, LLP
801 Second Avenue, Suite 800     4409 Montrose Blvd., Suite 200
Seattle, WA 98104                         Houston, TX 77006
(425) 773-8109                              (713) 523-0001

of such independent contractor classification, Plaintiff was paid on a per minute basis but did not receive any additional wages when she worked over 40 hours in a week.

On April 26, 2019, Defendants moved to compel arbitration. (Dkt. No. 25). After extensive briefing on the Motion to Compel Arbitration, the Court granted it in part and ordered the Parties participate in arbitration, while staying the case. (Dkt. No. 44). Afterwards, the Parties agreed to explore the possibility of a settlement.

During the next several months, the Parties exchanged information related to aid each other in discussing a potential settlement. Plaintiff prepared a settlement demand and a damage model that identified the potential damages that could be owed on a per week basis. The Parties calculated the possible damages they believed could be available, assuming Plaintiff could establish liability in the first instance.

On August 6, 2020, the Parties filed a Notice of Settlement advising the Court that a settlement had been reached. Now Plaintiff requests that the Court approve this settlement.

## II.  ARGUMENTS AND AUTHORITIES

"Ordinarily there [is] no need" for the Court to approve the settlement of a "dispute between employer and employees [because] people may resolve their own affairs, and an accord and satisfaction bars a later suit." *Walton v. United Consumer Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986). However, this case involves claims for unpaid overtime wages brought pursuant to the FLSA, which is "designed to prevent consenting adults from transacting about minimum wages and overtime pay." *Id.* "Courts therefore have refused to enforce wholly private settlements." *Id.*, citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

Instead, most courts recognize two valid ways by which an individual can release or settle with finality a FLSA claim: (1) a DOL-supervised settlement under 29 U.S.C. § 216(c); or (2) a court-approved stipulation of settlement. *Lynn's Food Stores,* 679 F.2d at 1353; *Jarrard v. Southeastern Shipbuilding Corp.,* 163 F.2d 960 (5th Cir. 1947) (enforcing a state court stipulated judgment entered upon disputed issues of both law and fact as *res judicata* to bar a federal FLSA suit). Settlements in the context of litigation, where there are bona fide issues in dispute and where employees are represented by "an attorney who can protect their rights under the statute" are

subject to approval by district courts "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354. Some district court's in this District hold that court approval is unnecessary for individual settlements under the FLSA. *See Wilson v. Maxim Healthcare Services, Inc.*, 2017 WL 2988289, *1-2 (W.D. Wash. 2017) (refusing to adopt *Lynn*'s application of FLSA settlement approval to individual settlement). But in an abundance of caution, the parties ask this Court to approve the individual settlement.

In reviewing a proposed collective action settlement under the Fair Labor Standards Act (FLSA), "a district court must determine whether the settlement represents a 'fair and reasonable resolution of a bona fide dispute.'" *Grewe v. Cobalt Mortgage, Inc.*, 2016 WL 4014114 (W.D. Wash. 2016) (quoting *Selk v. Pioneers Memorial Healthcare Dist.*, 159 F. Supp. 3d 1164, 1172 (S.D. Cal. Jan. 29, 2016) (quoting *Lynn's Food*, 679 F.2d at 1355)). "If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation.'" *Id.* (*quoting McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2012 WL 6629608, *2 (N.D. Cal. 2012) (*quoting Lynn's Food*, 679 F.2d at 1354)). The Court considers factors such as the risk, expense, complexity, and likely duration of litigation; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; and the reaction of putative members to the proposed settlement. *Id.* (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988)).

The Ninth Circuit rejects the argument that a court must "specifically weigh[ ] the merits of the class's claim against the settlement amount and quantif[y] the expected value of fully litigating the matter." *Id.* (*quoting Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009)). Rather, the court should "put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution." *Id.* (*quoting Rodriguez*, 563 F.3d at 965). The endorsement of a proposed FLSA settlement by counsel for both parties is a "factor that weighs in favor of approval" of an FLSA settlement agreement because "counsel for each side possess[es] the unique ability to assess the potential risks and rewards of litigation." *Quintanella v. A&R Demolition, Inc.*, 2008 U.S. Dist. LEXIS 37449, at *14 (S.D. Tex. May 7, 2008).

**Joint Motion for Approval - Page 3**        The Paul Woods Law Firm         Hodges & Foty, LLP
801 Second Avenue, Suite 800    4409 Montrose Blvd., Suite 200
Seattle, WA 98104               Houston, TX 77006
(425) 773-8109                  (713) 523-0001

Here, the Parties agree the settlement is fair and represents a reasonable compromise of the disputed issues in this case.

**1.   The terms of the settlement provide for substantial compensation for the claims raised in the lawsuit.**

The Parties' settlement is fair and reasonable.  The settlement provides the Plaintiff and her husband with fair compensation for the Fair Labor Standards Act claims.  Under a two-year limitations period, Laurie Krause alleges that she is owed approximately $7,288.75 and Mr. Krause is owed $1,462.00.  The alleged overtime owed was higher under a three-year statue of limitations, but the length of the statute was disputed.  The settlement provides reasonable compensation.

The recovery reached in the Settlement Agreement is significant given that the Parties disagreed over the merits of the case.  The Plaintiff argued that she was an employee entitled to overtime wages whereas Defendants maintained that at all times Plaintiff and her husband were properly classified as independent contractors.  Further, the Parties disagreed on whether the Plaintiff could satisfy her burden to demonstrate that Defendants acted willfully, which in turn affects whether Plaintiff could recover damages for two (2) years or three (3) years. *See* 29 U.S.C. § 255.  The Parties also disagreed on whether Defendants would satisfy their burden of proving good faith reliance on written administrative regulations, orders and interpretations of the Administrator of the Wage and Hour Division and, consequently, whether the Defendants had any liability for the alleged overtime violations.

Moreover, the Parties disagreed as to the proper method of calculating overtime retroactively in the event Plaintiff could prove liability.  The Parties also had significant disagreement over the actual number of overtime hours worked by Plaintiff.

Due to the directly conflicting factual allegations and differing views on the applicable law, Plaintiff believes that the amounts reflected in the Settlement Agreement are in her best interest.

More importantly, the settlement allows the Parties to resolve the claims at issue without the necessity, costs, and delay of arbitration.  In exchange for these payments, Plaintiff will agree to release Defendant from any and all claims they may have against Defendants, including all claims for attorneys' fees and overtime wages.

**2.     The settlement is fair and reasonable in light of the uncertainty of the outcome.**

The proposed Settlement Agreement is fair to the Plaintiff because it provides for a settlement based upon Plaintiff's pay and time records. The records show the overtime hours worked and these records were used to calculate the potential damages that are owed. Also, Working Solutions is a potential joint employer of Plaintiff and Plaintiff's claims against Working Solutions have been preserved. Thus, the settlement provides a fair amount to Plaintiff while taking into consideration the risks of litigation and potential she could not recover any amount.

**3.     The attorneys' fees sought are fair and reasonable.**

Additionally, the amount for attorneys' fees are fair and reasonable. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). Plaintiff's Counsel investigated the claims, analyzed the pay data, briefed the issue of arbitration, and successfully negotiated a resolution of the claim for Plaintiff and her husband. Plaintiff's Counsel's fees substantially exceed the amount allocated in the settlement agreement. Indeed, Plaintiff's Counsel is only seeking a mere fraction of the fees – an amount that is equivalent the work performed by local counsel in filing and reviewing the pleadings.

**4.     The settlement should be approved by the Court.**

The terms of the settlement have been approved by Plaintiff, Plaintiff's Counsel, Defendants, and Defendants' Counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit.

In determining whether the settlement is fair and reasonable, the Court should note that "there is a 'strong presumption in favor of finding a settlement fair.'" *Domingue v. Sun Elec. & Instrumentation, Inc.*, 2010 WL 1688793, at *1 (M.D. La. 2010) (*citing Camp v. Progressive Corp.*, 2004 WL 2149079, at *5 (E.D. La. 2004)). Moreover, "that th[e] settlement is the negotiated result of an adversarial proceeding is an indication of its fairness." *Id.*

The settlement here was negotiated by attorneys who have been vigorously prosecuting and/or defending this and similar claims for many years. Both sides have had considerable

**Joint Motion for Approval - Page 5**     The Paul Woods Law Firm      Hodges & Foty, LLP
801 Second Avenue, Suite 800    4409 Montrose Blvd., Suite 200
Seattle, WA 98104               Houston, TX 77006
(425) 773-8109                  (713) 523-0001

experience in prosecuting, defending, and settling federal and state wage and hour claims previously, and, in this case, were particularly well informed as to the facts and circumstances of the litigation.

After the Parties reached an agreement on the settlement, the Parties engaged in extensive negotiations concerning the specific terms of the settlement and the scope of the release. The settlement documents ultimately approved and executed by the Parties are the result of very comprehensive discussions, as well as exhaustive and hard fought negotiations.

All that said, there can be no question that this Settlement Agreement represents fair value.

### III.   CONCLUSION

The terms of the settlement have been approved by Plaintiff, Plaintiff's counsel, Defendants, and Defendants' Counsel. The settlement was negotiated at arms' length. The Parties entered into the Settlement Agreement voluntarily and knowingly. The Parties agree that the terms of the Settlement Agreement are reasonable, fair and just, and they settle all claims in this lawsuit. Accordingly, Plaintiff requests that the Court approve the FLSA settlement. If the Court approves the settlement, the Parties further request that the Court dismiss this action with prejudice, consistent with the terms of the Settlement Agreement and Fed. R. Civ. P. 41(a)(2).

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an order approving the Parties' Settlement Agreement and dismissing this action with prejudice. A proposed order is attached for the Court's consideration.

Dated: November 4, 2020

Respectfully submitted by:

THE PAUL WOODS LAW FIRM

By *s/Paul Woods*
   Paul Woods
   paul@paulwoodslawfirm.com

Attorney for Plaintiff
Laurie Krause


HODGES & FOTY, L.L.P.

By *s/Don J. Foty*
   Don J. Foty
   dfoty@hftrialfirm.com

Attorney for Plaintiff
Laurie Krause


K&L GATES LLP

By *s/ Patrick M. Madden*
   Patrick M. Madden, WSBA #21356
   patrick.madden@klgates.com
By *s/ Todd L. Nunn*
   Todd L. Nunn, WSBA #23267
   todd.nunn@klgates.com

Attorneys for Defendants
Expedia Group, Inc. and Egencia, LLC


## CERTIFICATE OF SERVICE

    I certify that on this November 4, 2020, a true and correct copy of the foregoing instrument was filed through the Court's electronic case filing which will serve a copy of this document electronically on all counsel of record.

                      */s/ Paul Woods*
                      Paul Woods

**Joint Motion for Approval - Page 7**    The Paul Woods Law Firm    Hodges & Foty, LLP
801 Second Avenue, Suite 800    4409 Montrose Blvd., Suite 200
Seattle, WA 98104    Houston, TX 77006
(425) 773-8109    (713) 523-0001